**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANNJIRA PADUNGSAT,

        Plaintiff,

v.

SEA REPUBLIC, LLC d/b/a/ YUZU SUSHI
AND ROBATA GRILL, PUANGPET
PUNTUKOWIT, and PRAYUDH
VONGCHANA, individually,

        Defendants.

**COMPLAINT AT LAW**

Plaintiff Annjira Padungsat, by and through her attorneys, Siegel & Dolan Ltd.,

complains against Defendants Sea Republic, LLC d/b/a Yuzu Sushi and Robata Grill ("Yuzu"),

Puangpet Puntukowit, and Prayudh Vongchana, individually (collectively "Defendants"), as

follows:

**NATURE OF ACTION**

1.      This is an action for damages caused by Defendants' violation of the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill.

Comp. Stat. 105/1, *et seq.* ("IMWL"), for Defendants' failure to properly pay Plaintiff at the

prevailing minimum wage for tipped employees, and for failure to pay overtime wages.

2.      Defendants' actions, described herein, constitute wage theft and gave Defendants

an unfair competitive advantage over other law-abiding businesses.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction for the FLSA claim pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 216(b). This Court may exercise supplemental jurisdiction over the state law claim

pursuant to 29 U.S.C. § 1367.

4.     The unlawful employment practices described herein were committed within the state of Illinois, at Defendants' location in the city of Chicago.  Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Plaintiff resides in and is domiciled in Chicago, Illinois.

6.     Plaintiff was continuously employed by Defendants as an hourly server from in or around October 2013 until March 11, 2016.

7.     At all times relevant to this action, Plaintiff was an "employee" of Defendants, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 Ill. Comp. Stat. 105/3(d).

8.     Defendant Yuzu is an Illinois limited liability company.  It is engaged in the restaurant industry, and is engaged in an industry affecting interstate commerce.  It is located at 1751 West Chicago Avenue, Chicago, Illinois.

9.     Defendant Puangpet Puntukowit is an owner and/or manager of Yuzu. Puntukowit is involved in the day-to-day business operations of Yuzu.  Among other things, Puntukowit has the authority to, and does, hire and fire employees; direct and supervise the work of employees; schedule employees' work hours; sign on the Yuzu's checking accounts; and makes or participates in decisions regarding employee compensation.

10.     Defendant Prayudh Vongchana is an owner and/or manager of Yuzu.  Vongchana is involved in the day-to-day business operations of Yuzu.  Among other things, Vongchana has the authority to, and does, hire and fire employees; direct and supervise the work of employees; schedule employees' work hours; sign on the Yuzu's checking accounts; and makes or participates in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

11.     Within the three (3) years preceding the filing of this Complaint, Plaintiff was employed by Defendants as a server.

12.     Based upon the nature of her work and the manner in which she was paid, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, or the IMWL, 820 Ill. Comp. Stat. 105/4 during the relevant time period.

13.     From October 2013 until approximately October 2014, Plaintiff's normal weekly schedule was Tuesday, Wednesday, Thursday, and Sunday 4:00 p.m. until 10:30 p.m., and Saturday 11:00 a.m. until 11:30 p.m.  As such, she typically worked approximately 38.5 hours per week from October 2013 until approximately October 2014.

14.     From October 2014 until approximately June 2015, Plaintiff's normal weekly schedule was Monday through Thursday 4:00 p.m. until 10:30 p.m., and Friday 4:00 p.m. until 11:30 p.m.  As such, she typically worked approximately 33.5 hours per week from approximately October 2014 until approximately June 2015.

15.     Beginning in June 2015 until her employment ended on March 18, 2016, Plaintiff's normal weekly schedule was Monday through Thursday 4:00 p.m. until 10:30 p.m., Friday 4:00 p.m. until 11:30 p.m., and Monday and Thursday 11:00 a.m. until 3:00 p.m.  As such, she typically worked approximately 41.5 hours per week from June 2015 until her employment ended on March 11, 2016.

16.     Plaintiff was entitled under the law to be paid at the prevailing minimum wage for all hours worked.

17.     Defendants have not met the federal and state legal requirements to take a "tip credit" against the minimum wage for servers.

18.     At all relevant times the minimum wage in Illinois has been $8.25 per hour, and the tipped employee minimum wage has been $4.95 per hour.

19.     On July 1, 2015, pursuant to City of Chicago' Minimum Wage Ordinance, the minimum wage in Chicago increased to $10.00 per hour, and the tipped employee minimum wage increased to $5.45 per hour.

20.     Defendants did not pay Plaintiff the prevailing tipped employee minimum wage for all hours worked.

21.     Plaintiff was paid solely in tips for all hours worked.

22.     Plaintiff was not allowed to retain all of her tips.  Rather, she was required to share a portion of her tips with Defendants and non-tipped employees.

23.     At the end of each shift, Defendants' servers, including Plaintiff, were required to pool their tips.  The tips were then redistributed to all of Defendants' employees, including the hostess and food packer.

24.     Defendants also retained between 12% and 32% of Plaintiff's tips for themselves.

25.     Plaintiff was entitled to be paid overtime for hours worked in excess of forty (40) per week.

26.     Defendants failed to pay Plaintiff overtime for hours worked in excess of forty (40) per week.

27.     Defendants were aware of their obligation to pay employees minimum wage and overtime, and intentionally chose not to pay Plaintiff accordingly.  Defendants acted in bad faith in failing to compensate Plaintiff for the work she performed.

## COUNT I – FAIR LABOR STANDARDS ACT

28.     Plaintiff incorporates paragraphs 1-27 as though fully set forth herein.

29.     Pursuant to 29 U.S.C. § 206, Plaintiff worked for Defendants as a non-exempt server, and was entitled to be compensated at the minimum wage rate for each hour worked.

30.     Defendants failed to compensate Plaintiff at the applicable minimum wage rate for each hour worked, in violation of the FLSA.

31.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her normal hourly rate of pay for the hours worked in excess of forty (40).

32.     Defendants' failure to pay compensation to Plaintiff at the rate of one and one-half the regular rate of pay, for all hours worked over forty (40) in a work week, is a violation of the FLSA.

33.     Defendants knew about their obligations under the FLSA, and deliberately chose not to heed them.  Thus, Defendants' failure to pay minimum wage and overtime is an intentional violation of the FLSA.

34.     As a direct and proximate result, Plaintiff is owed back wages and liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff Annjira Padungsat respectfully requests that this Court enter judgment in her favor and enter an Order as follows:

(a)     Awarding back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint to the present, according to the applicable statute of limitations for willful violations of the FLSA;

(b)     Awarding liquidated damages equal to the amount of unpaid wages pursuant to 29 U.S.C. § 216(b);

(c)     Awarding prejudgment interest, reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

35.     Plaintiff incorporates paragraphs 1-27 as though fully set forth herein.

36.     The matters set forth in this Count arise from Defendants' violations of the minimum wage and overtime provisions of the IMWL, 820 Ill.  Comp. Stat. 105/4.

37.     At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

38.     At all relevant times, Defendants were "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

39.     Plaintiff was not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during her employment with Defendants.

40.     Instead, Defendants paid Plaintiff, as a server, entirely in tips.

41.     Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiff was entitled to be compensated at the applicable State minimum wage rate for all hours worked.

42.     Defendants' conduct in failing to pay Plaintiff the minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the IMWL.

43.     Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for the hours worked in excess of forty (40).

44.     Defendants failed to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per work week, at the rate of one and one-half times her regular rate of pay.

45.     Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Plaintiff at one and one-half times her normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

46.     Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of the Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Annjira Padungsat respectfully requests that this Court enter an

order as follows:

a) Awarding judgment in an amount equal to all unpaid wages owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages of 2% per month pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: April 20, 2016                          Respectfully submitted,

Bradley Manewith, #6280535                     ANNJIRA PADUNGSAT
Anne K. Schmidlin, #6313916
Siegel & Dolan Ltd.
150 North Wacker Drive, Suite 1100
Chicago, IL  60606                             By: /s/ Bradley Manewith
Tel. (312) 878-3210                                 Attorney for Plaintiff
Fax (312) 878-3211